### WILLIAM TAYLOR *vs.* RICHARD COLLINS.

A., owning patents, gave B. a license to apply them to his machines for a certain royalty per machine, and then formed a partnership with C. under articles which stipulated that any royalty to fall due from B. should be paid to the firm. On the dissolution of the partnership, C. sold his interest in the assets to A. for $159, and as a part of the transaction took A.'s written order on B. for one half of any royalty that should fall due from him, "till it shall amount to $159," and also a writing, signed by A., as follows: "For value received, I promise to pay to C. $159 paid by royalty from B. Situation of this note is as follows. B. is to pay to C. one half of the royalty, fast as it comes due, till it shall amount to $159." B. never applied the patents to his machines. After presenting the order to B., and finding that nothing was due or becoming due from him, C. made demand on A. for $159, and A. did not comply with the demand. In an action then brought by C. against A. to recover that sum, these facts were put in evidence, and there was also testimony tending to prove that A., when he gave to C. the two writings, told him that " he would get his pay sooner out of B., but if he could pay him sooner any other way he would do so." The judge declined to rule that by accepting the writings C. was limited to the contingent receipt of royalty from B. for the payment of the $159; sub-

mitted to the jury to determine, on all the evidence, whether it was understood and agreed between the parties that they were accepted in satisfaction of A.'s promise to pay C. that sum; and upon that issue admitted in evidence a letter from A. to C. in which A. wrote that he was expecting to sell his patents, and, if he should do so, could pay C. at once or, if he should go to Boston to live, could do the same. *Held,* that A. had no ground of exception.

CONTRACT on the following instrument, described in the declaration as a promissory note: " Chicopee, May 17, 1867. For value received, I promise to pay to William Taylor one hundred and fifty-nine dollars and sixty cts. paid by royalty from Howe & Converse. Situation of this note is as follows. Howe & Converse are to pay to William Taylor one half of the royalty, fast as it comes due, till it shall amount to one hundred and fifty-nine dollars and sixty cents. Richard Collins."

The declaration alleged the making and delivery of this instrument by the defendant to the plaintiff, and the refusal of Howe & Converse and of the defendant to pay to the plaintiff anything thereon; and it contained also counts in money had and received, money paid, and on an account annexed; and a special count on a promise of the defendant to pay to the plaintiff $159.60 for the plaintiff's interest in a partnership, sold to the defendant. A bill of particulars was also filed.

At the trial in the superior court, before *Putnam,* J., the evidence tended to show the following facts: On April 12, 1867, the plaintiff and the defendant formed a copartnership under written articles, of which the following was the substance:

" Memorandum of an agreement between Richard Collins and William Taylor. I Richard Collins, of Chicopee, agree to go in Co. with William Taylor on a patent harness motion, and also on a patent shuttle motion and a pickerholder, equally on the profits. Collins and Taylor are to spend their whole time on this business, and after all debts are paid the balance of the money is to be divided equally. Each one will apply their time to the best advantage for the interest of the Co. The said William Taylor agrees to pay Richard Collins four hundred dollars. Two hundred dollars are to be paid down in money, and two hundred dollars are to be paid out of the income." " The royalty that Howe & Converse agree to pay Richard Collins for the

privilege of using his Collins improvements in loom building shall be paid to Collins & Taylor."

The plaintiff paid in $159.60 on account of the sum which he thus agreed to furnish. On May 17, 1867, the partnership was dissolved by mutual consent, and the defendant bought and took the plaintiff's interest in the assets, and agreed to pay him for them $159.60, and on the same day, and as a part of the transaction, gave to the plaintiff the instrument declared on as a promissory note, and also an order bearing that date, signed by himself, and addressed to Howe & Converse, as follows : " You will please pay to William Taylor one half the royalty from my shuttle motion till it shall amount to $159.60, payable according to the contract on the shuttle motion." On March 18, 1867, (nearly a month before the beginning of the partnership,) the defendant and Howe & Converse had entered into a written contract, which was put in evidence, by which the defendant agreed to permit Howe & Converse to attach his shuttle motions to their looms for a royalty of sixty cents per pair. The plaintiff saw this written contract both when he entered into the partnership and also when he withdrew from it.

The plaintiff testified that the defendant told him, at the time when the defendant gave him the two papers dated May 17, 1867, that " he would get his pay sooner out of Howe & Converse, but if he could pay him sooner any other way, he would do so." The defendant, however, testified that what he told the plaintiff was, that, " if he did not get his pay out of Howe & Converse, and he was lucky, he might pay him."

· The plaintiff served on Howe & Converse the order which he took from the defendant; but they never paid him anything. They did not use the defendant's shuttle motion on their looms, and never owed anything by way of royalty. The plaintiff thereupon made demand on the defendant to pay him the $159.60 ; but the defendant never complied with the demand.

A letter addressed by the defendant to the plaintiff was also put in evidence, of which the following are extracts : " Yours of 18th is received. In reply would say all business is suspended. I have not done anything of any consequence since you were

here.   I sent a draft to Howe & Converse of an alteration in the · spring which will allow the          to swing as far as any           in the world, but have not heard from them since. There has been a man from York to buy my shuttle motion and harness motion, and I am expecting them every day now again. Should they buy, I can pay you at once, or should I go to Boston to live, I can do the same.   I have got up a new patent and the Boston rubber agrees to take it soon as it got through.   I had to mortgage stuffs to get money to put in; so my prospects are now          for some years.   Soon as things come round, all will be right."   This letter bore date of "19, 1867," the month not being specified.

" The defendant contended that the plaintiff received the two papers dated May 17, 1867, in full settlement and satisfaction of said sum of $159.60, so agreed to be paid by him for said partnership interest; and this was the only question at issue as the case was finally presented to the jury.   The defendant asked the judge to instruct the jury as a matter of law, that, in view of the fact that the plaintiff accepted the royalty, or contingency of there being a royalty, from Howe & Converse, as part of the partnership assets, between himself and the defendant, by his recognition of it as such in the partnership agreement; and if he knew of the written contract to pay royalty, between Howe & Converse and the defendant, previously to and at the time of the settlement between himself and the defendant; then in view of such knowledge, if he accepted the instrument declared on as a promissory note at all, he accepted it with all its contingencies, and must receive his pay, if at all, from the royalty fund, if it ever accrued, and not from the defendant in this action."

" The judge declined to rule as prayed, and left it to the jury to determine upon all the evidence, whether or not it was understood and agreed, between the parties, that the plaintiff was to accept the papers dated May 17, 1867, in full payment and satisfaction of said sum of $159.60, or only as one method of collecting the sum, and directing them, if they found that it was so taken in payment and satisfaction, to return their verdict for the defendant.

" The defendant also asked the judge to construe the letter of the defendant to the plaintiff, and to rule that it was not a prom-ise of payment. The judge ruled that it was not a promise of payment, but instructed the jury that the letter was evidence for them to consider on the question whether the defendant under-stood that the instrument declared on as a promissory note was accepted by the plaintiff as a final settlement and satisfaction of said sum of $159.60." The jury found for the plaintiff, and the defendant alleged exceptions.

*G. H. Knapp & E. H. Lathrop*, for the defendant.

*G. M. Stearns & M. P. Knowlton*, for the plaintiff.

CHAPMAN, C. J. The controversy in this case grows princi-pally out of the effort of the parties to express their agreements in writing, when they had not the skill necessary to do it with clearness. The first count is upon the instrument dated May 17, 1867. There are also general counts, and a bill of particulars.

It appears that the plaintiff sold to the defendant his interest in certain patents which they owned as partners, for the sum of $159.60. The jury found that the instrument above mentioned, and the order of the same date on Howe & Converse which is mentioned in the report, were not given or received in full pay-ment and satisfaction of the said sum, but as one method of collecting that sum. It was on this point that the letter of the defendant to the plaintiff was held to be admissible in evidence. It tended to show that the defendant understood that the debt had not been paid. It was therefore admissible.

But the instrument declared on contains a promise, expressed to be for value received, to pay the sum above mentioned to the plaintiff; and the subsequent words do not annul the promise. The instrument is to be construed most strongly against the signer. The promise that Howe & Converse will pay must be regarded as an additional promise ; and, being construed in con-nection with the order on them, has the effect to give the plain-tiff an additional security. This construction of the writing is in harmony with the finding of the jury as to the purpose for which the instrument and order were made. The ruling prayed for was properly refused, and the instructions given were cor rect.                                         *Exceptions overruled.*